1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

DAVID A. M.,

                    Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 2:24-cv-01814-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12     Plaintiff seeks review of the denial of his application for Disability Insurance

13 Benefits. Having considered the Administrative Law Judge (ALJ)'s decision, the

14 administrative record (AR), and all memoranda of record, the Court REVERSES and

15 REMANDS the ALJ's decision to deny benefits.

16                              BACKGROUND

17     On February 8, 2022, plaintiff filed a Title II application for a period of disability

18 and disability insurance benefits, alleging disability beginning July 9, 2020 and the date

19 last insured will be December 31, 2027. AR 17, 20. The claim was denied initially on

20 October 4, 2022, and upon reconsideration on May 1, 2023. *Id.* Plaintiff has a high

21 school education and past relevant work as a maintenance worker II and inventory

22 clerk. AR 93 (education); AR 36 (past work). ALJ Deborah Giesen conducted a hearing

23
24
25

1

on January 5, 2024. Dkt. 16, AR 1662-1703.[1] The ALJ denied plaintiff's claims on February 23, 2024. AR 17-37.

Plaintiff engaged in substantial gainful activity between February and September 2021. AR 17, 20, 264, 293, 298. 520. The ALJ found that plaintiff has "severe impairments" of sequela of traumatic compartment syndrome of the right leg status post surgeries as well as posterior tibial tendonitis. AR 20. The ALJ formulated the RFC, finding plaintiff can perform light work, but with additional limitations: never climb ladders, ropes, or scaffolds; never work around unprotected heights or unprotected dangerous moving machinery; occasionally climb ramps/stairs, balance, and stoop; never kneel, crouch, or crawl; and never operate foot controls with the right foot. AR 26.

The ALJ found The ALJ, thus, found that plaintiff was not disabled. AR 36-37.

Based on the vocational expert's opinion, at step four, that plaintiff was capable of performing his past relevant work as an inventory clerk as actually performed.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security disability benefits if the plaintiff shows the ALJ's decision was based on harmful legal error or the decision is not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla; it means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The hearing transcript (Dkt. 16) will be referred to by docket number, along with the AR page number. The other administrative records (Dkt. 9) will be referred to only by the AR page numbers without also referring to the CM/ECF docket number.

1    *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*,

2    881 F.2d 747, 750 (9th Cir. 1989).

3          The ALJ is responsible for evaluating symptom testimony, resolving conflicts in

4    medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

5    *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the

6    record as a whole, it may neither reweigh the evidence nor substitute its judgment for

7    that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When

8    the evidence is susceptible to more than one rational interpretation, it is the

9    Commissioner's conclusion that must be upheld. Id

10                                    DISCUSSION

11         Plaintiff argues the ALJ erred in finding that he could perform his past work as an

12   inventory clerk as actually performed. The Commissioner argues that ALJ's decision is

13   free of harmful legal error, supported by substantial evidence, and should be affirmed.

14         At step four, the claimant bears the burden of proving that she can no longer

15   perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v.*

16   *Thomas,* 540 U.S. 20, 25 (2003). Although the burden of proof lies with the claimant, the

17   ALJ retains a duty to make factual findings to support his conclusion, including a

18   determination of whether the claimant can perform the actual functional demands and

19   job duties of his past relevant work or the functional demands and job duties of the

20   occupation as generally performed in the national economy. *Pinto v. Massanari,* 249

21   F.3d 840, 844–45 (9th Cir.2001) (citing Social Security Ruling ("SSR") 82–61). "This

22   requires specific findings as to the claimant's residual functional capacity, the physical

23

24

25

and mental demands of the past relevant work, and the relation of the residual

functional capacity to the past work." *Id.* at 845 (citing SSR 82–62).

RFC is the most a claimant can do considering his limitations or restrictions. SSR

96–8p. The ALJ must consider the limiting effects of all of plaintiff's impairments,

including those that are not severe, in determining RFC. 20 C.F.R. §§ 404.1545(e),

416.945(e); SSR 96–8p. "[T]wo sources of information ... may be used to define a

claimant's past relevant work as actually performed: a properly completed vocational

report, SSR 82–61, and the claimant's own testimony, SSR 82–41." *Pinto,* 249 F.3d at

845. A claimant may be found not disabled at step four based on a determination that

she can perform past relevant work as it was actually performed or as it is generally

performed in the national economy. SSR 82–61; SSR 96–8p.

Under the "actually performed" test, the ALJ evaluates a claimant's past relevant

work by consulting a "properly completed vocational report" and "the claimant's own

testimony" and assessing whether the claimant can perform his past job duties as he

actually performed them. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

In this case, plaintiff does not challenge the ALJ's RFC assessment, which

limited plaintiff to light work and completely prohibited kneeling, crouching, or crawling.

The ALJ found at step four that plaintiff could perform his past work as an inventory as

actually performed, not as generally performed.

"The decision as to whether the [plaintiff] retains the functional capacity to

perform past work ... has far-reaching implication and must be developed and explained

fully in the disability decision." SSR 82–62. The regulations require the ALJ to obtain

adequate documentation of past work to support the decision as to the plaintiff's ability

to return to past work. *Id.* "Adequate documentation of past work includes factual information about those work demands which have a bearing on the medical established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate." *Id.*

According to plaintiff's work history (AR 300), he describes his job with the City of Lynnwood as a maintenance worker, prior to his injury on July 9, 2020 (AR 497) as follows: "I maintain the city parks systems- my job varies by day based on the task at hand for that particular day- this job requires the license to drive commercial vehicle- tasks include, seed, mow, fertilize, water and weed lawns- inspect and repair equipment such as playgrounds, picnic tables, park benches, and other amenities- keep any trails and pathways clear of debris- pick up litter and remove bagged trash- may require plowing and shoveling snow." AR 300. He states he kneels for 30 minutes each day, crouches for 30 minutes each day, and crawls for an hour and a half every day.

Plaintiff was not asked whether he had to kneel, crouch or crawl while he performed "light duty" work. AR 69-70. The Vocational Expert described plaintiff's "light work" as a "made up job" that was created to "figure out something to keep him busy." AR 86.

Although the claimant bears the burden of proof at step four, the ALJ has a duty to make the requisite findings of fact to support the step-four finding. *Pinto*, 249 F.3d at 844. Where the ALJ's findings do not ensure the claimant can perform his past relevant work, either as actually performed or as generally performed, the reviewing court cannot determine whether the finding is supported by substantial evidence. *Id.*

1   The findings are insufficient to support a finding that plaintiff can perform his

2   inventory clerk past work as actually performed. While the ALJ did ask the Vocational

3   Expert whether plaintiff could perform his past job as actually performed with the

4   plaintiff's RFC (AR 1697), the ALJ did not make findings that plaintiff did not kneel, crawl

5   or crouch while performing his "light duty" job. Because plaintiff has identified a

6   discrepancy between his description of his past work and the ALJ's RFC assessment,

7   the Court agrees with plaintiff that ALJ erred in finding that he could perform the job as

8   actually performed.

9                                              CONCLUSION

10      The ALJ failed to sufficiently develop the facts as to whether plaintiff could

11  continue to take inventory and perform his "light duty" job as inventory clerk – i.e.,

12  whether that job as actually performed would include any kneeling, crawling, or

13  crouching. The RFC shows plaintiff has complete restrictions as to kneeling, crawling,

14  and crouching, . As a result, the ALJ's finding that plaintiff could perform his past

15  relevant work as actually performed is not supported by substantial evidence.

16          //

17          //

18          //

19          //

20          //

21          //

22          //

23

24

25

On remand, the ALJ is directed to hold another hearing, and solicit additional testimony from plaintiff at step four regarding whether kneeling, crawling, or crouching were part of the physical job requirements for his past relevant work, as actually performed, before making a determination of whether plaintiff is able to perform the inventory clerk past work as actually performed. The ALJ may also take additional evidence concerning step five: whether plaintiff is able to perform other jobs existing in significant numbers in the national economy.

Dated this 29th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge